FILED
May 28, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
            DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DONALD HOPE and ERICA HOPE,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM LLOYDS,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL NO. SA: 5:21-CV-00510-OLG |

# ORDER

The Court has considered United States Magistrate Judge Bemporad's Report and Recommendation (R&R), filed April 2, 2024, concerning Defendant's Motion for Summary Judgment Regarding Plaintiffs' Extra-Contractual Claims [#27] and Plaintiffs' Response [#31]. *See* R&R, Dkt. No. 33.

A party who wishes to object to a Magistrate Judge's findings and recommendations must serve and file specific written objections within fourteen days. FED. R. CIV. P. 72(b)(2). Plaintiffs and Defendant, through counsel, were electronically served with a copy of the R&R on April 2, 2024, and Defendant timely filed its objection on April 16, 2024 (*see* Dkt. No. 49). As of the date of this order, Plaintiffs have not filed an objection.

When a party objects to an R&R, the Court must make a de novo determination as to "any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see United States. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989). Objections must be specific; frivolous, conclusory, or general objections need not be considered by the district court. *Battle v. U.S. Parole Com'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). Any portions of the

Magistrate Judge's findings or recommendations that were not objected to are reviewed for clear error. *Wilson*, 864 F.2d at 1221.

Defendant objects to the Magistrate Judge's recommendation to deny summary judgment on Plaintiffs' DTPA claim under Section 17.50(a)(4). Dkt. No. 49; *see* Dkt. No. 33, p. 13, ¶ 3; p. 14, ¶ 2; p. 15 ¶ 1. Defendant argues that Section 17.50(a)(4) applies only to Chapter 541 of the Texas Insurance Code and because the Magistrate Judge has recommended granting summary judgment on all Chapter 541 claims, there is no basis for a Section 17.50(a)(4) claim. Dkt. No. 49 at 1. The Court, having conducted an independent review of the record and the applicable law, **SUSTAINS** Defendant's objection and **REJECTS** that portion of the recommendation. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

Section 17.50(a)(4) of the DTPA provides that "[a] consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:…(4) the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code." More succinctly, Plaintiff cannot maintain a Section 17.50(a)(4) claim under the DTPA without an underlying violation of Chapter 541 of the Insurance Code. *Univ. Baptist Church of Fort Worth v. Lexington Ins. Co.*, 346 F. Supp. 3d 880, 889–90 (N.D. Tex. 2018), aff'd, 787 F. App'x 194 (5th Cir. 2019). Here, the Court agrees with the Magistrate Judge's recommendation to grant summary judgment on Plaintiffs' claims under Chapter 541 of the Texas Insurance Code. *See* R&R, Dkt. No. 33 at 11. Thus, summary judgment must also be granted on Plaintiffs' DPTA claim under Texas Business & Commerce Code § 17.50(a)(4).

In all other respects, the Court **ACCEPTS** the Magistrate Judge's recommendation (Dkt. No. 33).[1] For the reasons stated in the recommendation, Defendant's Motion for Summary Judgment Regarding Plaintiffs' Extra-Contractual Claims (Dkt. No. 27) is **DENIED IN PART** as to Plaintiffs' promptness-based claims under Texas Insurance Code §§ 542.003(b)(2)–(3), 542.055–.056, 542.058(a), and 542.060(a)(3), but **GRANTED** as to all other claims.

It is so **ORDERED** this 28th day of May, 2024.

ORLANDO L. GARCIA
United States District Judge

---

[1] The court notes that the Magistrate Judge mistakenly failed to enumerate Tex. Ins. Code § 541.060(a)(3) in its analysis of extracontractual claims predicated on bad faith (*see* R&R, Dkt. No. 33 at 8–11), but the analysis is applicable and results in the dismissal of such claim alongside Plaintiffs' other related Sec. 541 claims predicated on bad faith. *See* Pl.'s Original Petition, Dkt. No. 1-2, ¶ 31.